CASE No. 818.

MILLS v. G. & C. R. R. COMPANY.

The breaking of a culvert under the embankment of defendant's road, in a freshet, having caused an accumulation of water, which, the embankment being opened, overflowed plaintiff's land to his damage, the Circuit judge charged the jury that if the servants of the defendant let off the water, the defendant was liable for the actual damage therefrom ensuing to the plaintiff, no matter how much care and caution they exercised. *Held* erroneous; and that the defendant was not liable unless guilty of negligence in setting free the accumulated water.

Before MACKEY, J., Greenville, April, 1878.

Action by Otis T. Mills against the Greenville and Columbia Railroad Company for damage done to his crops of corn, &c., in June, 1876. Action commenced October, 1876.

Brushy creek, near the city of Greenville, passed through a culvert under an embankment, over which the track of the defendant company passed. During a freshet in the month of June, 1876, the culvert fell in, and the flow of the stream being thereby obstructed, the water accumulated in large quantities up the channel of the creek and on the lands adjacent, and covered a highway. Several days afterwards the road-master, with his employees, cut an opening in the embankment, through which the water passed off, slowly at first, but with increasing volume as the opening was enlarged by the action of the waters, when it flowed with the force of a freshet; and damage was thereby done to the lands of the plaintiff below. It was for such damage that this action was brought. The testimony showed that the freshet which broke the culvert was extraordinary.

The presiding judge ruled, during the examination of a witness, that " it makes no difference how the company let the water off; whether the greatest possible care was exercised. If the company let the water off and it flowed upon plaintiff's lands and damaged the same, the company is liable." And he charged the jury that if the company's agents let off the water and damage

G

ensued to the plaintiff's land, the defendant is liable for the actual damage sustained, no matter how much care and caution they exercised. To this ruling and charge the defendant excepted.

Verdict for plaintiff for $375. The defendant appealed, alleging error in the ruling and charge, to which exceptions were taken.

*Mr.· I. M. Bryan,* for appellant.

The company, by its charter, had the right to construct the dam or embankment, bound only to the exercise of ordinary care that it should not injure others, but not liable for injuries arising from extraordinary causes. The testimony shows that the culvert was amply sufficient for even more than ordinary storms. 8 *Bush* 404; 27 *L. J. Exch.* 417; 12 *Me.* 238; 56 *Penna. St.* 445; *Angell on Water-courses*, § 348; *Sherm. & Redf. on Neg.*, §§ 445–576. These authorities show that the company were not responsible for the presence or accumulation of the large body of water above their embankment, and that the same came about by the operation of the *vis major.* Finding the water there after the storm was over, what was the defendant's duty in the premises ? They were common carriers and bearers of the mail; the water was backed over a public highway leading into the city of Greenville, and covered the lands of third parties. It was their duty to let this water off, exercising as much care and caution as possible; if carelessly done, the defendants were liable; otherwise, not. Had the floods carried away the embankment and injured the plaintiff's lands, the company would clearly not be liable. This case should be distinguished from the class of which *Fletcher* v. *Rylands, L. R.,* 1 *Exch.* 265, and 3 *H. L.* 330, is a leading authority. But in our case the defendants did not turn loose a dangerous element *which had been introduced by themselves* upon the premises; the rule in our case is *ex damno sine injuria non oritur actio.* 2 *W. Bl.* 898; 8 *B. & C.* 360; 16 *Ark.* 308; *Hill & Den.* 193; 8 *Wis.* 255; 1 *Add. on Torts* 3. Again: *Necessitas inducit privilegium quoad juria privata.* In such cases the owner is liable only in the absence of ordinary care. 5 *Vt.* 371; 10 *Allen* 306; *Angell on Water-courses*, § 337.

No counsel appeared for respondent.

February 25th, 1880.    The opinion of the court was delivered by

WILLARD, C. J.    The action was for damages to the plaintiff's land by water flowing in a natural water-course, but in unusual quantities, due, as alleged, to the following facts: The water-course in question had become choked up at a point above the plaintiff's land, where it passes the embankment for the defendant's railroad, by a culvert, and an extraordinary accumulation of water had been occasioned.    The defendant's servants made an opening by which the water thus accumulated should flow into the water-course below the obstruction, and thus flow along its natural channel.    The flow of water thus caused was alleged to have occasioned the damage complained of.

The charge of the Circuit judge dispensed with the necessity of a finding of negligence on the part of the defendants and placed the plaintiff's right of recovery on two facts, namely, that it should appear that the defendant's servants discharged the accumulated water into the water-course, and that such water caused the damage in question.

The cause of the damage was water in a natural water-course moving in obedience to its own laws; it was not, therefore, a case of actual trespass.    The question, then, was whether the damage was consequential to an unlawful act of the defendants or their servants acting under their authority.    It is the concurrence of damage and injury that constitutes the only ground of defendant's liability.    The plaintiff could not sustain injury unless the act of the defendants, either in its nature or the mode of its performance, was unlawful.    Removing an obstruction to the flow of water in a natural water-course, on the defendant's land, is in itself a lawful act, and as such no ground for alleging injury.    When a lawful act is performed, which, in its nature, is liable to occasion injury to the person or property of another, the law charges the party performing such act with the duty of exercising care and skill in its performance.    The neglect of this duty is legal *negligence,* and it is in a legal sense the proximate cause of any damage directly resulting from it, although such

damage is immediately occasioned by the operation of natural laws.

The question for the jury was, then, whether the defendants were guilty of negligence in the mode in which the accumulated water was set free in the water-course. It was error to place the liability of the defendants on grounds that rendered it unnecessary for the jury to inquire as to the existence of such negligence.

There must be a new trial.

McIVER and McGOWAN, A. J.'s, concurred.